# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| ZACHARY DEAN COBB, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No. CIV 17-116-RAW-KEW |
|  | ) |  |
| JOE M. ALLBAUGH, DOC Director, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## OPINION AND ORDER

On February 7, 2017, Petitioner, a prisoner appearing through counsel, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1). He is challenging his conviction in Wagoner County District Court Case No. CF-2012-244 for Child Abuse by Injury.

After the Court directed Respondent to show cause why the writ should not issue (Dkt. 12), Petitioner filed a motion to hold this action in abeyance, pending exhaustion of state court remedies (Dkt. 15). Petitioner admits that the petition includes unexhausted claims, but alleges the petition was filed because of counsel's concern over satisfying the one-year limitation period imposed by 28 U.S.C. § 2244(d)(1)(A). Respondent opposes Petitioner's motion to hold the petition in abeyance, asserting Petitioner has sufficient time remaining in his one-year limitation period in which to file a new habeas corpus petition after his state court proceedings conclude (Dkt. 16).

The record shows that Petitioner's conviction became final on May 11, 2016, ninety days after the Oklahoma Court of Criminal Appeals affirmed his conviction on direct appeal

in *Cobb v. State*, No. F-2014 (Okla. Crim. App. Feb. 10, 2016). *See Fleming v. Evans*, 481 F.3d 1249, 1257-58 (10th Cir. 2007); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. Jan. 31, 2001) (holding that a conviction becomes final for habeas purposes when the 90-day period for filing a petition for a writ of certiorari to the United States Supreme Court has passed).

The statutory year began to run the next day on May 12, 2016, and it expired on May 12, 2017. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (stating that the year begins to run the day after the judgment and sentence becomes final and ends on the anniversary date). Therefore, when Petitioner filed his application for post-conviction relief on February 14, 2017, he had 87 days remaining on the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a properly-filed application for post-conviction relief or other collateral review of the judgment at issue is pending.

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.

*Rhines v. Weber*, 544 U.S. 269, 277 (2005).

A district court has two options when faced with a "mixed" petition containing both exhausted and unexhausted claims. One option is to require the petitioner to exhaust all his claims in state court before bringing the petition. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982) (instructing a district court to dismiss without prejudice and allow the petitioner to

2

refile once the claims are exhausted); *Rhines v. Weber*, 544 U.S. 269, 277 (2005) (if a court is concerned about the prisoner's meeting the one-year filing requirement of 28 U.S.C. § 2244(d), and if "there was good cause for the petitioner's failure to exhaust his claims first in state court," the court can decline to dismiss the matter and issue a stay and abeyance of the petition, while the petitioner exhausts his state court remedies). The second option is to deny the entire petition on the merits, notwithstanding failure to exhaust, if the court is convinced the unexhausted claim is without merit, or that the issue is easily resolvable against the petitioner. *See* 28 U.S.C. § 2254(b)(2).

After careful review, the Court finds Petitioner has not shown good cause for his failure to exhaust his claims before filing the petition. Therefore, this action must be dismissed without prejudice for failure to exhaust state court remedies.

**ACCORDINGLY,** Petitioner's motion to hold this action in abeyance pending state exhaustion (Dkt. 15) is DENIED, and this action is, in all respects, DISMISSED WITHOUT PREJUDICE. All remaining pending motions are DENIED as moot.

**IT IS SO ORDERED** this 7th day of August 2017.

Ronald A. White
United States District Judge
Eastern District of Oklahoma